JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

AMERICAN GENERIC LABORATORIES, LLC

**(b)** County of Residence of First Listed Plaintiff   Salt Lake County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Scott J. Fields, Esquire; National IP Rights Center, LLC
500 Township Line Road, Suite 400, Blue Bell, PA 19422
(610) 680-2300

## DEFENDANTS

NUTRAQUEST, INC. and CYTODYNE, LLC

County of Residence of First Listed    Essex County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED

Attorneys (If Known)

Richard A. Catalina, Jr. Esq.,167 Avenue at the
Commons, Shrewsbury, NJ  07702

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Declaratory Judgment under 28 U.S.C. Sections 2201 & 2202 , non-infringement, invalidity

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## SUMMONS IN A CIVIL ACTION

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN GENERIC LABORATORIES, LLC<br><br>v.<br><br>NUTRAQUEST, INC. and<br>CYTODYNE, LLC | CIVIL ACTION NO.<br><br><br>TO: (NAME AND ADDRESS OF<br>     DEFENDANT)<br><br>Cytodyne, LLC<br>200 Adams Boulevard<br>Farmingdale, NY 11735 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)

   Scott J. Fields, Esquire
   National IP Rights Center, LLC
   550 Township Line Road, Suite 400
   Blue Bell, PA 19422

an answer to the complaint which is herewith served upon you, within       days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|
| (By) Deputy Clerk | |

## SUMMONS IN A CIVIL ACTION

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| AMERICAN GENERIC LABORATORIES, LLC<br><br>v.<br><br>NUTRAQUEST, INC. and<br>CYTODYNE, LLC | CIVIL ACTION NO.<br><br><br>TO: (NAME AND ADDRESS OF<br>      DEFENDANT)<br><br>NutraQuest, Inc.<br>2231 Landmark Place<br>Manasquan, NJ 08736 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)

   Scott J. Fields, Esquire
   National IP Rights Center, LLC
   550 Township Line Road, Suite 400
   Blue Bell, PA 19422

an answer to the complaint which is herewith served upon you, within       days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| Michael E. Kunz, Clerk of Court | Date: |
|---|---|

(By) Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| AMERICAN GENERIC LABORATORIES, LLC | : | CIVIL ACTION |
| | : | |
| v. | : | |
| NUTRAQUEST, INC. and | : | |
| CYTODYNE, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.          ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
      commonly referred to as complex and that need special or intense management by
      the court. (See reverse side of this form for a detailed explanation of special
      management cases.)                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| January 17, 2006 | Scott J. Fields, Esquire | Plaintiff, American Generic LAB. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-680-2301 | 610-680-2319 | sfields@niprc.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10.02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2150 South 130 East, Suite 500, Salt Lake City, UT 84106

Address of Defendant: 200 Adams Boulevard, Farmingdale, NY 11735

Place of Accident, Incident or Transaction: Eastern District

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☑

Does this case involve multidistrict litigation possibilities?   Yes☐   No☑

*RELATED CASE, IF ANY:*

Case Number _____ Judge _____ Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☑

CIVIL (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify)
    TRADEMARK

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, Scott J. Fields , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs,

☑ Relief other than monetary damages is sought.

DATE: January 17, 2006   _____   47,519

Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   47,519

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN GENERIC LABORATORIES, LLC  :
2150 South 130 East                 :
Suite 500                           :
Salt Lake City, UT 84106            :
                                    :
            Plaintiff,              :
                                    :
      v.                            :      Civil Action No.
                                    :
NUTRAQUEST, INC.                    :
2231 Landmark Place                 :
Menasquan,  NJ 08736                :
          and                       :
                                    :
CYTODYNE, LLC                       :
200 Adams Boulevard                 :
Farmingdale, NY  11735              :
                                    :
            Defendants.             :

## COMPLAINT

This is an action for a Declaratory Judgment, under 28 U.S.C. §§ 2201

and 2202, of the non-infringement, invalidity, and unenforceability of the federally

registered United States trademarks and for a judgment holding that Plaintiff has

not engaged in unfair competition, false advertising, trade dress infringement or

other anticompetitive acts.

## THE PARTIES

1.    American Generic Laboratories, LLC (hereinafter "Plaintiff") is, and at

all times hereinafter mentioned was, a Salt Lake City, Utah limited liability

corporation with a principal place of business at 2150 South 130 East, Suite 500, Salt Lake City, Utah 84106.  Plaintiff sells nutritional supplements under the mark SUPERDRINE and SUPERDRINE RX-10.

2.       Defendant, NUTRAQUEST, INC. ("NUTRAQUEST") is, and at all times hereinafter mentioned is a Manasquan, New Jersey corporation with a principal place of business at 2231 Landmark Place, Menasquan, NJ 08736.

3.       Defendant CYTODYNE, LLC, ("CYTODYNE") is, and at all times hereinafter mentioned is a Farmingdale,  NY corporation with a principal place of business at 200 Adams Boulevard, Farmingdale, NY 11735.  Defendants purport to market and sell a number of nutritional products, including in this District and has charged Plaintiff with trademark infringement in this district.

4.       On information and belief, Nutraquest, Inc. and Cytodyne, LLC (collectively "Defendants") are related companies. Defendants sell nutritional supplements and vitamin products under a number of brands including the "XENADRINE" label.  Defendants sell and market nutritional supplements under the trademarks XENADRINE® EFX™, XENADRINE®-NRG™ and XENADRINE® 40+™

## JURISDICTION OF VENUE

5.       Jurisdiction in this case is based on the original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks in accordance with 28 U.S.C. §1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the doctrines of pendent and ancillary jurisdiction.  Personal jurisdiction exists as the Defendants

regularly do extensive business in this District involving the goods marked with the trademarks at issue. Plaintiff regularly does business in this District.  The letter charging Plaintiff with infringement was addressed to counsel in this district.

6.      Venue in this case exists in this district under 28 U.S.C. §1391(b), based upon the regular and ongoing business activities of Plaintiff and Defendants involving the subject trademarks mark and the fact that Plaintiff was charged with infringement by Defendants in this District.

### FACTS

7.      On January 9, 2006, Defendants' attorney, Richard A. Catalina, Jr., Esquire, gave written notice to Plaintiff, via letter addressed to Plaintiff's counsel in this District that Defendants were charging Plaintiff with infringement of "XENADRINE®" marks.  Exhibit "A".  As can be seen, counsel's letter further charged Plaintiff with trade dress infringement and unfair competition. Defendants demanded that Plaintiff cease and desist from its lawful use of the marks SUPERDRINE and SUPERDRINE RX-10 and further agree never to adopt any other mark using the word "SUPERDRINE" and to cease its alleged false advertising.

8.      Plaintiff has thus been placed in immediate apprehension of litigation and the loss of its rights, and therefore, this is an immediate and justifiable controversy.  Plaintiff submits that the allegations raised in Defendants' letter are false.

## FIRST CAUSE OF ACTION
### DECLARATORY JUDGMENT OF INVALIDITY, NON-INFRINGEMENT AND UNENFORCEABILITY

9.     The allegations of the foregoing paragraphs 1-8 are hereby incorporated by reference.

10.     There is an actual, justifiable controversy between Plaintiff and Defendants regarding the right by Plaintiff to continue to own and use the SUPERDRINE name and mark, as well as its trade dress and advertising.

11.     Plaintiff has been harmed irreparably by this conduct and seeks monetary damages and injunctive relief.

**WHEREFORE**, the Plaintiff prays judgment in his favor and against Defendants.

1.     In the form of a Declaratory Judgment, holding that:

    (a)     under the Lanham Act and the applicable state and common law, Plaintiff's use of the SUPERDRINE name and mark is not an infringement of Defendants' registered and/or common law trademarks;

    (b)     that Plaintiff has not engaged in false advertising and trade dress infringement; and

    (c)     that the alleged trademarks and trade dress are invalid and unenforceable.

2.      Granting such other and further relief as the Court deems just and

proper, including punitive damages, attorney's fees and costs.

Respectfully submitted,

_____
Scott J. Fields, Esq.
NATIONAL IP RIGHTS CENTER, LLC
550 Township Line Road, Ste. 400
Blue Bell, PA  19422
(610) 680-2301 x102
(610) 680-2319 (fax)

Attorney for Plaintiff,
American Generic Laboratories LLC

Dated:_____

**EXHIBIT "A"**

# Catalina & Associates
### A Professional Corporation
## Counselors At Law

*Patent, Trademark, Trade Secret, Copyright, Licensing, Unfair Competition and Advertising*
www.newtechlegal.com

**167 Avenue at the Common**
Shrewsbury, New Jersey 07702
*Telephone 732.380.0080*
*Facsimile 732.380.0081*

**304 Park Avenue South**
**11th Floor**
New York, New York 10010
*Telephone 212.475.4838*
*Facsimile 212.260.0529*

Richard A. Catalina, Jr., Esq.(45,372)†‡

**Associates**

**Counsel**

*Tony K. Uhm, Esq. (52,450)\**

*James D. Lloyd, Esq.*
*Kerri J. Ward, Esq.\**

*\*Also admitted in New York*
*†Also admitted in Pennsylvania*
*‡Also admitted in the District of Columbia*

**Reply to: Shrewsbury Office**

Monday, January 09, 2006

## VIA EXPRESS & FIRST CLASS MAIL

EV618239177US

President and/or Legal Department
American Generic Laboratories LLC
2150 South 130 East
Suite 500
Salt Lake City, Utah 84106

Scott J. Fields, Esq.
National IP Rights Center
550 Township Line Rd
Suite 400
Blue Bell, Pennsylvania 19422-2726

**RE:   Cease and desist demands concerning SUPERDRINE**
**Our File Ref.:   03-11331-46**

Dear Sir or Madam:

This firm serves as intellectual property counsel to Nutraquest, Inc., formerly known as Cytodyne Technologies, Inc., a New Jersey corporation ("Nutraquest"), and Cytodyne, LLC, a New York Limited Liability Company ("Cytodyne"), and in particular, in connection with the enforcement of the registered trademark XENADRINE®, and the marks XENADRINE® EFX™, XENADRINE®-NRG™ and XENADRINE® 40+™ (collectively, the "XENADRINE® Marks"), and the trade dress associated with the dietary weight loss supplement products sold under those names and marks, and in particular, the trade dress associated with the product under the name and mark XENADRINE® EFX™ (collectively, the "XENADRINE® Trade Dress").

Previously, Nutraquest marketed a dietary supplement under the name XENADRINE® RFA-1, which Nutraquest ceased selling in early 2003. Nutraquest, however, continues with its business of marketing other dietary supplements and sports nutrition products and is the owner of record of the registered mark XENADRINE® and the trademark, XENADRINE® EFX™, while Cytodyne is the present owner of record and/or licensee of the marks XENADRINE® EFX™, XENADRINE®-NRG™ and XENADRINE® 40+™ (collectively, the "XENADRINE Marks"). Pursuant to a series of

exclusive license agreements, Cytodyne presently markets dietary supplements under the names XENADRINE® EFX™, XENADRINE®-NRG™ and XENADRINE® 40+™. **Cytodyne, and only Cytodyne, possesses the sole and exclusive right to use the XENADRINE® Marks and the XENADRINE® Trade Dress.**

## The Registered XENADRINE® Trademark

Nutraquest began using the name and mark XENADRINE® in connection with its dietary weight loss product Xenadrine RFA-1 in or about October 1997. On May 17, 1999, Nutraquest filed a use-based application to register the mark XENADRINE® on the USPTO's Principal Register. Registration was granted to the XENADRINE® mark on March 14, 2000 (Registration No. 2329696).

Beginning in October 1997, Nutraquest exclusively and continuously used the registered XENADRINE® trademark in connection with the popular dietary weight-loss supplement sold under the name and mark XENADRINE® RFA-1. Although that product was discontinued in early 2003, Nutraquest, and now Cytodyne, has exclusively and continuously used the registered XENADRINE® trademark in connection with the even more popular dietary weight-loss product sold under the name and mark XENADRINE® EFX™, and more recently, by Cytodyne for products sold under the names and marks XENADRINE®-NRG™ and XENADRINE® 40+™. Because of Nutraquest and Cytodyne's extensive advertising, marketing, and promotion of products utilizing the registered XENADRINE® trademark – past and present – those products, including XENADRINE® EFX™, have become nationally well known and are now closely associated with Cytodyne. Consequently, the registered XENADRINE® trademark and the goodwill that it represents are valuable assets. Our clients are prepared to take any and all means necessary to protect the goodwill and reputation that the registered XENADRINE® trademark has earned.

## The XENADRINE® EFX™, XENADRINE®-NRG™<br>and XENADRINE® 40+™ Trademarks

Cytodyne has also been using the other XENADRINE® Marks in connection with dietary and nutritional supplements for weight loss and weight control products. Indeed, Cytodyne has exclusively and continuously used the XENADRINE® Marks for the Xenadrine EFX, Xenadrine NRG and the Xenadrine 40+ products, respectively, in interstate commerce.

Because of Cytodyne's extensive advertising, marketing, and promotion of products utilizing the XENADRINE® Marks, those products, as well as other related products, have become nationally well known and closely associated with Cytodyne. Consequently, the XENADRINE® Marks, and the goodwill these marks represent, are valuable assets. Our clients are prepared to take any and all means necessary to protect the goodwill and reputation associated with these marks.

## The XENADRINE Trade Dress

The XENADRINE® Trade Dress consists of inherently distinctive type style, colors, color combinations, shapes, graphics, and textures on the labeling, packaging and advertising of products sold under the XENADRINE® name and mark, and in particular,

2

the dietary weight loss supplement sold under the name and mark XENADRINE® EFX™. It serves as an indication of source because it is inherently distinctive, *i.e.*, it is unusual and memorable, conceptually separable from the XENADRINE® products incorporating that trade dress (in particular, XENADRINE® EFX™) and serves primarily as a designator of origin for products sold under the XENADRINE® Marks.

## Infringement of the XENADRINE® Trade Dress

Nutraquest and Cytodyne recently learned that American Generic Laboratories LLC (hereinafter "AGL") has entered the same market of products marketed by Nutraquest and Cytodyne with its own version of Nutraquest's prior product, Xenadrine® RFA-1, which is sold under the names and marks SUPERDRINE and SUPERDRINE RX-10 (the "Superdrine Product" or simply "Superdrine"), through your web site www.americangenericlabs.com, and various Internet web sites, including, but not limited to, www.worldclassnutrition.com, www.teambodybuilding.com and www.myvitanet.com (the "Web Sites").

AGL is copying the XENADRINE® Trade Dress in violation of federal law, specifically Section 43(a) of the Lanham Act, 15 U.S.C. §1125, and other common law causes of action based on unfair competition, trade dress infringement and false designation of origin, by marketing the Superdrine Product – as and for an alleged dietary weight loss supplement – that utilizes a trade dress that is virtually *identical* to the XENADRINE® Trade Dress (the "SUPERDRINE Trade Dress"). Furthermore, the aforementioned Web Sites contain a photograph of the prior product Xenadrine RFA-1, which incorporates the same virtual trade dress of the product Xenadrine EFX (*i.e.*, the XENADRINE® Trade Dress ), alongside an offer to sell AGL's infringing Superdrine Product, in a blatant effort to attract customers to its own products. A copy of this photograph is attached as Exhibit "A." AGL's unauthorized use of the XENADRINE® Trade Dress in this manner will clearly create a likelihood of confusion among the consuming public.

Under the law, this is trade dress infringement. This is especially so where, as here, AGL is utilizing an unauthorized reproduction of the XENADRINE® Trade Dress as and for a product which is also an alleged dietary weight loss supplement. Such use will clearly create a likelihood of confusion among the consuming public. We view AGL's use of the unauthorized reproduction of the XENADRINE® Trade Dress as an illegal appropriation of the XENADRINE® Trade Dress. Our clients are prepared to defend and protect this intellectual property, and we are confident that a Court addressing this issue of trade dress infringement would rule in our favor.

## Infringement of the XENADRINE® Marks

AGL is further copying the registered trademark XENADRINE® and the other popular XENADRINE® Marks and is attempting to capitalize on the success of those marks.

**The SUPERDRINE mark is confusingly similar to the XENADRINE® Marks.** Under the law, this constitutes trademark infringement. This is especially so where, as here, the marks are phonetically similar, and where the mark SUPERDRINE – as and for dietary weight loss supplement – is clearly designed to conjure up SUPER XENADRINE in the minds of the relevant consuming public. AGL's use of the mark SUPERDRINE will clearly

3

create a likelihood of confusion among the consuming public. We therefore view AGL's use of the SUPERDRINE mark as illegal appropriation of the XENADRINE® Marks, and in particular the registered trademark XENADRINE®. This is tantamount to unlawful theft of the good will and reputation with regard to these marks that was only built through years of extensive advertising and significant financial expenditures. Our clients are prepared to defend and protect these valuable assets.

## False Advertising by AGL

In addition to trademark infringement and trade dress infringement, AGL is also liable for false advertising under §43(a) of the Lanham Act, 15 U.S.C. §1125. Specifically, AGL's advertisements for the Superdrine Product make the unsupported and unsubstantiated claims "Compare to Original Xenadrine. ... Superdrine RX-10 contains the same key ingredients in Xenadrine RFA-1." These comparative advertising claims are not only deceptively false and misleading, they are *literally false*.

Superdrine is *not* the same product as "Original Xenadrine" and/or Xenadrine® RFA-1. Superdrine does *not* have the same formula as "Original Xenadrine" and/or Xenadrine® RFA-1. Although some of the ingredients may be similar, Superdrine does *not* contain Xenadrine RFA-1's blend of proprietary ThermoSynergist™ blend of synergistic ingredients, which blend is a very unique, clinically tested formula which has not been, and cannot be, duplicated, due to the fact that the precise formula of Xenadrine® RFA-1 is a trade secret, which is unknown to anyone other than certain individuals and the prior manufacturer of Xenadrine® RFA-1. Thus, Xenadrine® RFA-1's formula is far different than that of Superdrine and to suggest that the latter is a copy of the former in composition of ingredients is false advertising on its face.

Lastly, we have also noted other false statements on the Web Sites that constitute false advertisement under the Lanham Act. For instance, the Web Sites state that "Superdrine RX-10 is a registered trademark of American Generic Laboratories, LLC." Our review of the trademark database portion (TARR and TESS) of the USPTO's web site, www.uspto.gov, reveals that there is no such trademark registration for the mark SUPERDRINE RX-10. As a matter of fact, AGL only recently filed an intent-to-use based application for the mark SUPERDRINE (Serial No. 78/725809). Given the circumstances that clearly demonstrate that AGL is copying and attempting to capitalize on the success of the popular and valuable XENADRINE® Marks, this improper use of statutory notice constitutes false and unfair advertisement under the Lanham Act.

## Demands to Cease and Desist

Nutraquest and Cytodyne hereby demand that AGL immediately cease and desist from using in any way whatsoever the XENADRINE® Trade Dress, or any other trade dress that is similar to the XENADRINE® Trade Dress that is likely to cause confusion and deception among the consuming public; that AGL immediately cease and desist from using, offering, selling, marketing, advertising, and distributing any product utilizing and/or infringing the XENADRINE® Trade Dress, or any other trade dress that is similar to the XENADRINE® Trade Dress; and further, that AGL immediately cease and desist from using or incorporating any other similar trade dress that infringes on the XENADRINE® Trade Dress.

Nutraquest and Cytodyne also hereby demand that AGL immediately cease and desist from using in any way whatsoever the infringing names and marks SUPERDRINE and SUPERDRINE RX-10; that AGL immediately cease and desist from using, offering for sale, selling, marketing, advertising, and/or distributing any product under the infringing names and marks SUPERDRINE and SUPERDRINE RX-10; that AGL cease and desist from using, offering for sale, selling, marketing, advertising and/or distributing any product that designates its brand, designation of origin, manufacturer, distributor, marketer or retailer as and under the infringing names and marks SUPERDRINE and SUPERDRINE RX-10; that AGL immediately cease and desist from using or incorporating any other similar mark that infringes on the XENADRINE® Marks, and in particular, the registered trademark XENADRINE®; and further, that AGL cease and desist from engaging in deceptively false and misleading advertising concerning the unsupported and unsubstantiated claim "Compare to Original Xenadrine."

Nutraquest and Cytodyne further demand that AGL furnish us with information as to the number of bottles or units sold bearing the names and marks SUPERDRINE and SUPERDRINE RX-10 since that product went to market, the total net profit margin per bottle, and the selling price of the Superdrine Product. In addition, we further request that you pay to Nutraquest and Cytodyne all profits derived from the sale of product(s) bearing the names and marks SUPERDRINE and SUPERDRINE RX-10.

Nutraquest and Cytodyne further demand that AGL withdraw and/or terminate its application before the USPTO seeking to register the mark SUPERDRINE (Serial No. 78/725809).

If AGL does not notify the undersigned by 5:00 p.m., East Coast Time, on Monday, January 16, 2006, of its compliance with the foregoing cease and desist demands, Nutraquest and Cytodyne will resort to any and all legal means necessary to protect their intellectual property rights. Please be advised that if litigation ultimately ensues, Nutraquest and Cytodyne will seek, *inter alia*, injunctive relief, compensatory and consequential damages (including, but not limited to, lost profits and royalties of Nutraquest and Cytodyne, and disgorgement of any profits of AGL), accountings, punitive/treble damages, attorneys' fees and all expenses and costs of suit.

We trust that these matters will be taken care of immediately.

Very truly yours,

RICHARD A. CATALINA, JR.

RAC/md

cc:     Stephen R. Stern, Esq., Cytodyne, LLC (via facsimile)
        Judith B. Moor, Esq., Nutraquest, Inc. (via facsimile)

5

**If you liked Xenadrine RFA-1
You Will Love Superdrine RX-10
Guaranteed!**



Superdrine RX-10
contains all the Key
Ingredients In
Xenadrine RFA-1 Including
the same amounts of Ephedra
and Guarana per capsule



Xenadrine RFA-1 is a registered trademark of Cytodyne Tchnologies
Superdrine RX-10 is a registered trademark of American Generic Laboratories, LLC

# Exhibit "A"